Case 7:21-cv-00145   Document 11   Filed on 09/07/21 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 07, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| Guadalupe Villareal, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 7:21-cv-00145 |
| | § | |
| United Property and Casualty Insurance Company, | § | |
| | § | |
| Defendant. | § | |

## **OPINION AND ORDER**

The Court now considers Defendant's motion to abate,[1] Plaintiff's response to Defendant's motion to abate,[2] and Defendant's motion to compel.[3] Plaintiff has not filed a response to the motion to compel and the time for doing so has passed, rendering Defendant's motion unopposed by operation of this Court's Local Rule.[4] The motions are now ripe for consideration. After considering the motions, record, and relevant authorities, the Court **GRANTS** Defendant's motion to compel[5] and Defendant's motion to abate.[6]

### I. BACKGROUND AND PROCEDURAL HISTORY

This is an insurance case.[7] In his original petition, Plaintiff Guadalupe Villarreal alleges that on or about July 25, 2020, his home sustained wind and hail damage during a storm in the City of McAllen.[8] Plaintiff alleges that he reported the claim to Defendant.[9] Plaintiff further alleges

---

[1] Dkt. No. 8.
[2] Dkt. No. 9.
[3] Dkt. No. 10.
[4] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[5] Dkt. No. 10.
[6] Dkt. No. 8.
[7] Dkt. No. 1.
[8] Dkt. No. 2-1.
[9] Dkt. No. 2-1.

Defendant sent an independent adjuster to inspect Plaintiff's home.[10] After inspecting the dwelling, Defendant alleges that it sent a disposition letter to Plaintiff stating it allowed $471.11 in damages.[11] On December 11, 2020, Plaintiff sent Defendant a Demand Letter and included an estimate which totaled $50,751.81.[12] On February 12, 2021, Plaintiff filed suit in the 332nd District Court of Hidalgo County, Texas.[13] Plaintiff seeks monetary relief for contractual and extra-contractual causes of action arising out of a claim for home damage.[14] Subsequently, on April 14, 2021, Defendant filed a notice of removal to this Court based on diversity jurisdiction.[15] The Court then issued a scheduling order for this case on May 12, 2021, setting the deadline for discovery on February 1, 2021.[16]

On June 23, 2021, Defendant made a written demand for appraisal pursuant to the terms of the Homeowner's Insurance Policy ("the Policy") issued to Plaintiff.[17] Plaintiff's deadline to respond to the appraisal demand was 20 days after issuance, on Tuesday, July 13, 2021.[18] Defendant alleges Plaintiff did not respond to Defendant's appraisal demand.[19] The Policy contains an appraisal provision that allows either party to the contract to invoke the appraisal process in the event there is disagreement in terms of the "amount of loss."[20] The provision states, "[i]f you and we fail to agree on the amount of loss, either may demand an appraisal of the loss.[21] In this event, each party will choose a competent and impartial appraiser within 20 days after receiving a written request

---

[10] *Id.*
[11] Dkt. No. 10.
[12] Dkt. No. 2.
[13] *Id.*
[14] Dkt. No. 1.
[15] *Id.*
[16] Dkt. No. 7.
[17] Dkt. No. 10-1.
[18] Dkt. No. 10-3.
[19] Dkt. No. 10.
[20] Dkt. No. 10-2.
[21] *Id.*

from the other."[22] Prior to the end of the twenty days, on June 29, 2021, Defendant filed its motion to abate, and Plaintiff filed his response on July 12, 2021.[23] After the twenty day deadline, Defendant filed the motion to compel on July 21, 2021.[24] Therein, Defendant requests the Court to compel participation from Plaintiff in the appraisal process.[25] The Court now turns to its analysis.

## II. DISCUSSION

### A. Jurisdiction

Under 28 U.S.C. §1332, " the matter in controversy must exceed the sum or value of $75,000," and the parties are "citizens of different states." [26]

Here, Plaintiff, Guadalupe Villareal, is domiciled in Hidalgo County, Texas, and was domiciled there at the time this action commenced.[27] Defendant, United Property and Casualty Insurance Company, is a corporation incorporated under the laws of the State of Florida, having its principal place of business in St. Petersburg, Pinellas County, Florida.[28] Furthermore, Plaintiff seeks damages of over $200,000. Accordingly, because Plaintiff and Defendant are diverse in citizenship and the amount in controversy exceeds $75.000.00, the Court has subject matter jurisdiction.

---

[22] Dkt. No. 10-2.
[23] Dkt. No. 8 & 9.
[24] Dkt. No. 10.
[25] *Id.*
[26] 28 U.S.C. §1332.
[27] Dkt. No. 1.
[28] *Id.*

### B. Legal Standard

#### I. *Motion to Compel*

In Defendant's motion, Defendant requests that the Court order Plaintiff to participate in the appraisal process pursuant to the Policy issued to Plaintiff.[29] In support, Defendant argues that Plaintiff did not respond to Defendant's appraisal demand within the allotted 20 days.[30]

Appraisal clauses in Texas insurance policies have long provided a mechanism to resolve disputes between policy holders and insurers about the amount of loss for a covered claim.[31] Because federal jurisdiction in this case is invoked on the basis of diversity of citizenship,[32] this Court, *Erie*-bound, applies the substantive law of the state of Texas.[33] Absent a decision by Texas's highest tribunal, the decisions by Texas courts of appeals control "unless [the Court] is convinced by other persuasive data that the highest court of the state would decide otherwise."[34] The Texas Supreme Court has held that appraisal clauses in insurance contracts are enforceable, and that a trial court abuses its discretion if it fails to enforce an appraisal provision.[35] While courts have some discretion as to the timing of the appraisal, they have no discretion to ignore a valid appraisal clause entirely.[36] Furthermore, an appraisal clause "binds the parties to have the extent or amount

---

[29] Dkt. No. 10.
[30] *Id*.
[31] *In re Universal Underwriters of Texas Ins. Co.*, 345 S.W.3d 404, 406-07 (Tex. 2011).
[32] Dkt. No. 1.
[33] *See Homoki v. Conversion Servs., Inc.*, 717 F.3d 388, 396 (5th Cir. 2013); *Exxon Co. U.S.A, Div. of Exxon Corp. v. Banque De Paris Et Des Pays-Bas*, 889 F.2d 674, 675 (5th Cir. 1989); *Erie R.R. Co. v. Tompkins*, 304 U.S. 64 (1938).
[34] *Exxon Co. U.S.A, Div. of Exxon Corp.*, 889 F.2d at 675 (quoting *West v. AT&T*, 311 U.S. 223, 237 (1940)).
[35] *In re Allstate County Mutual Insurance Company*, 85 S.W.3d 193, 195 (Tex. 2002).
[36] *Id*.

of the loss determined in a particular way."[37] "Unless the 'amount of loss' will never be needed…appraisals should generally go forward without preemptive intervention by the courts."[38]

Here, the Policy issued to Plaintiff states that:

> [I]f you and we fail to agree on the amount of loss, *either* may demand an appraisal of the loss. In this event, each party will choose a competent and impartial appraiser within *20 days* after receiving a written request from the other.[39]

Since both parties have continuously disagreed on the amount of loss incurred by the storm, Defendant argues the appraisal process is needed.[40] On June 23, 2021, Defendant sent Plaintiff a letter invoking the appraisal process and requesting that Plaintiff establish an appraiser.[41] Plaintiff failed to respond within the 20 days allotted by the appraisal provision in the Policy issued to Plaintiff.[42] On this basis, Defendant's requests that Plaintiff be compelled to participate in the appraisal process. Plaintiff has not responded to this motion, rendering it unopposed.[43] For the foregoing reasons, the Court finds Defendant's motion warranted.

Accordingly, the Court **GRANTS** Defendant's motion to compel[44] appraisal and **ORDERS** Plaintiff to choose a competent and impartial appraiser by Monday, September 27, 2021.

---

[37] *State Farm Lloyds v. Johnson*, 290 S.W. 3d 886, 888-89 (quoting *In re Allstate County Mut. Ins. Co.*, 85 S.W. 3d 193, 195 (Tex. 2002)); *see also Lundstrum v. United Servs. Auto. Ass'n-CIC*, 192 S.W.3d 78, 87 (Tex. App.— Houston [14th Dist.] 2006, pet. denied) ("The effect of an appraisal provision is to estop one party from contesting the issue of damages in a suit on the insurance contract, leaving only the question of liability for the court.").
[38] *Id*. at 895.
[39] *Id*.
[40] (An appraisal provision within an insurer's contract is to be enforced when parties disagree to the amount of loss).
[41] Dkt. No. 10-1.
[42] Dkt. No. 10.
[43] LR7.4 ("Failure to respond to a motion will be taken as a representation of no opposition.").
[44] Dkt. No. 10.

II. *Motion to Abate*

Defendant also filed a motion to abate.[45] Therein, Defendant requests that the Court enter an order abating discovery until further order of the Court pending completion of appraisal.[46] In support, Defendant argues that the appraisal process will establish the amount of loss and that the completion of the appraisal process will likely resolve or at least narrow the breach of contract and extra-contractual claim.[47] In Plaintiff's response, he requests that Defendant's motion to abate be denied.[48] In support, Plaintiff argues that abatement would prevent Plaintiff from pursuing factual support through discovery to prove his "unfair settlement practices" claims and that an appraisal award does not, by itself, entitle insured or insurer to judgement in its favor.[49] However, abatement will not prevent Plaintiff from pursuing discovery following the completion of the appraisal process. Furthermore, "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."[50] In light of the foregoing and the Court's grant of the motion to compel, the Court finds abatement warranted.

Accordingly, the Court **GRANTS** Defendant's motion to abate[51] and **STAYS** all discovery in this case until completion of the appraisal process.

---

[45] Dkt. No. 8.
[46] Dkt. No. 8.
[47] *Id.*
[48] Dkt. No. 9.
[49] *Id.*
[50] *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).
[51] Dkt. No. 8.

### III. CONCLUSION AND HOLDING

For the foregoing reasons, the Court **GRANTS** Defendant's unopposed motion to compel[52] and **ORDERS** Plaintiff to choose a competent and impartial appraiser by Monday, September 27, 2021. Furthermore, the Court **GRANTS** Defendant's motion to abate[53] and **STAYS** all discovery in this case until completion of the appraisal process. A status conference is set for **Monday, January 24, 2022 at 9 a.m.** The parties shall file a status report by **January 18, 2022**.

IT IS SO ORDERED.

DONE at McAllen, Texas, this 7th day of September 2021.

*M. Alvarez*
Micaela Alvarez
United States District Judge

---

[52] Dkt. No. 10.
[53] Dkt. No. 8.